1  ADRIAN M. PRUETZ (State Bar No. 118215)
   email: apruetz@glaserweil.com
2  ERICA J. VAN LOON (State Bar No. 227712)
   email: evanloon@glaserweil.com
3  JESSICA A. WOOD (State Bar No. 269562)
   email: jwood@glaserweil.com
4  GLASER WEIL FINK JACOBS
    HOWARD AVCHEN & SHAPIRO LLP
5  10250 Constellation Blvd., 19th Floor
   Los Angeles, CA 90067
6  Telephone: (310) 553-3000
   Facsimile:  (310) 556-2920
7
8  Counsel for Plaintiff
   *SHFL entertainment, Inc.*
9
   DAVID M. KLEIMAN (State Bar No. 194955)
10 email: davidkleiman@lapatents.com
   21900 Burbank Blvd, Third Floor
11 Woodland Hills, CA 91367
   Telephone: (818) 884-0949
12 Facsimile:  (818) 332-4373
13 Counsel for Defendant
   *Avalinx, Inc.*
14

15              UNITED STATES DISTRICT COURT

16              CENTRAL DISTRICT OF CALIFORNIA

17                    WESTERN DIVISION

18

19 SHFL ENTERTAINMENT, INC., a          )  Case No. 12-CV-7473 DSF (MRWx)
   Minnesota corporation,               )
20                                       )  Hon. Michael R. Wilner
                Plaintiff,               )
21                                       )  **[PROPOSED] STIPULATED**
          vs.                            )  **PROTECTIVE ORDER**
22                                       )
   AVALINX, INC., an Ohio corporation,  )  [DISCOVERY MATTER]
23                                       )
                Defendant.               )
24                                       )
                                         )
25 _____)
26
27
28

                                              [PROPOSED] STIPULATED PROTECTIVE ORDER

795305.2

## 1.    GOOD CAUSE AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties believe that good cause exists for the entry of this Order because Protected Material (as defined below) constitutes trade-secret or other confidential or proprietary information, the disclosure of which is likely to have the effect of harming the competitive position of the Designating Party (as defined below) or violating an obligation of confidentiality owed to a third party.  Protected Material designated under the terms of this Order shall be used by a Receiving Party (as defined below) solely for this litigation and shall not be used directly or indirectly for any other purpose whatsoever, and its disclosure is prohibited except as expressly provided in this Order.

The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Paragraph 12, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 and the provisions of this Stipulated Protective Order set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## 2. DEFINITIONS

2.1 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2 <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), such as for example, any type of information which the Designating Party believes in good faith constitutes, contains, reveals, or reflects internal communications or confidential or proprietary information that is not otherwise known or available to the public. Nothing herein precludes such exemplary type of information being designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" if appropriate on the facts.

2.3 <u>Outside Counsel of Record</u>: current attorneys of record who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party (as well as their support staff). Outside Counsel is defined to specifically exclude Juan Chardiet.

2.4 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

2.5 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, (3) at the time of retention,

is not anticipated to become an employee of a Party or of a Party's competitor, and (4) excluding specifically Juan Chardiet.

2.7     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.  Such material may include but is not limited to: documents containing trade secrets as defined under California Civil Code § 3426.1; technical designs and specifications; source code; financial information including but not limited to accounting records, revenues, costs, profits, confidential pricing, and overhead; information relating to a party's suppliers, licensees, licensors, distributors or present or prospective customers including but not limited to names, addresses, phone numbers and email addresses; business strategy including but not limited to future business plans; information of an extremely high degree of current commercial sensitivity that may provide a competitive advantage to competitors if disclosed.

2.8     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9     Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs), excluding specifically Juan Chardiet.

2.10    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.11    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

[PROPOSED] STIPULATED PROTECTIVE ORDER

3

795305.2

2.12 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.13 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.   SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.   DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with

1   or without prejudice; and (2) final judgment herein after the completion and
2   exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,
3   including the time limits for filing any motions or applications for extension of time
4   pursuant to applicable law.

5

6   **5.    DESIGNATING PROTECTED MATERIAL**

7        5.1    <u>Manner and Timing of Designations</u>. Except as otherwise provided in
8   this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material
9   that qualifies for protection under this Order must be clearly so designated before
10  the material is disclosed or produced.

11       Designation in conformity with this Order requires:

12       (a) <u>for information in documentary form</u> (e.g., paper or electronic documents,
13  but excluding transcripts of depositions or other pretrial or trial proceedings), that
14  the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY
15  CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains
16  protected material.

17       A Party or Non-Party that makes original documents or materials available
18  for inspection need not designate them for protection until after the inspecting Party
19  has indicated which material it would like copied and produced. During the
20  inspection and before the designation, all of the material made available for
21  inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
22  ONLY." After the inspecting Party has identified the documents it wants copied and
23  produced, the Producing Party must determine which documents, or portions
24  thereof, qualify for protection under this Order. Then, before producing the
25  specified documents, the Producing Party must affix the appropriate legend
26  ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
27  ONLY") to each page that contains Protected Material.

28

1    (b) <u>for testimony given in deposition or in other pretrial or trial proceedings,</u>

2    that the Designating Party identify on the record, before the close of the deposition,

3    hearing, or other proceeding, that the transcript or portions thereof be designated

4    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

5    ONLY." When it is impractical to identify separately each portion of testimony that

6    is entitled to protection and it appears that substantial portions of the testimony may

7    qualify for protection, the Designating Party may invoke on the record (before the

8    deposition, hearing, or other proceeding is concluded) a right to have up to 21 days

9    after the transcript is received to identify the specific portions of the testimony as to

10   which protection is sought and to specify the level of protection being asserted.

11   Only those portions of the testimony that are appropriately designated for protection

12   within the 21 days shall be covered by the provisions of this Stipulated Protective

13   Order. Alternatively, a Designating Party may specify, at the deposition or up to 21

14   days after the transcript is received if that period is properly invoked, that the entire

15   transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

16   ATTORNEYS' EYES ONLY."  The use of a document as an exhibit at a deposition

17   shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY

18   CONFIDENTIAL – ATTORNEYS' EYES ONLY."

19   Transcripts containing Protected Material shall have an obvious legend on the

20   title page that the transcript contains Protected Material, and the title page shall be

21   followed by a list of all pages (including line numbers as appropriate) that have

22   been designated as Protected Material and the level of protection being asserted by

23   the Designating Party. The Designating Party shall inform the court reporter of

24   these requirements. Any transcript that is prepared before the expiration of the 21-

25   day period for designation shall be treated during that period as if it had been

26   designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its

27   entirety unless otherwise agreed. After the expiration of that period, the transcript

28   shall be treated only as actually designated.

(c) <u>for information produced in some form other than documentary and for any other tangible items,</u> that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".  If any such items are duplicated or reproduced (e.g. photographed) by the Receiving Party, the Receiving Party must immediately mark each duplication or reproduction with the confidentiality designation on the exterior of the container.

(d) <u>Source Code</u>:  The parties agree that this Protective Order does not specifically address the production of computer source code (including source code and source code listings, object code and object code listings, executable code and similar sensitive software code, whether in electronic or printed form).  While a producing party has the option of producing its source code under the provisions of this protective order, the parties agree that a Party may require the entry of a separate source code protective order prior to producing any source code.  Upon the identification of source code for production all parties shall, upon request by a producing party, collectively negotiate a protective order governing the production of source code.

5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon discovering the inadvertent failure, the Designating Party must promptly notify the Receiving Party in writing of the inadvertent failure to designate, and the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1      Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.  Counsel for a Party may challenge such designation in accordance with the procedures set forth in Rule 37 of the Federal Rules of Civil Procedure and Local Rules 37-1 through 37-4.

The burden of persuasion in any such challenge shall at all times be on the Designating Party.  Until the Court rules on the challenge, all parties shall continue to afford the material that is the subject of the challenge the level of protection to which it is entitled under the Designating Party's designation.

**7.      ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1      <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of this Order.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2      <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a

Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel but excluding specifically Juan Chardiet) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court; Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3 <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(b) Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4, below, have been followed;

(c) the court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4 <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Experts.</u>

(a)(1) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) identifies the

general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 37 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so.  In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

**8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)  This protective order shall be served along with any discovery request made to a Non-Party in this litigation.

(b)  The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(c)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.  make the information requested available for inspection by the Non-Party.

(d)     If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a

795305.2

determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

## 12.   MISCELLANEOUS

12.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to

[PROPOSED] STIPULATED PROTECTIVE ORDER

14

795305.2

disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. In the event that any motion, pleading or other court document is filed that attaches or refers to the contents of any Protected Material, said motion, pleading or other court document shall be governed by the terms of this Stipulated Protective Order, shall be filed under seal, and shall state on its face that the motion, pleading or other court document is being filed under seal pursuant to the terms of this Stipulated Protective Order.

A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 and the provisions of this Order. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.

Any depositions, motions, pleadings or other court documents that are to be filed under seal shall be filed in a sealed envelope marked on the outside with the title of the action, an identification of each document within the envelope, and a statement substantially in the following form: "Confidential - Subject to Protective Order Issued by the Court. This envelope [or container] containing the above-identified papers filed by [name of Party] is not to be opened or the contents thereof displayed or revealed except by Court order or by agreement of the Parties." No sealed or confidential record of the Court maintained by the Clerk shall be disclosed except upon written order of the Court.

**13.   <u>FINAL DISPOSITION</u>**

Within 60 days after the final disposition of this action, as defined above in Paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such Protected Material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. The Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Outside Counsel of Record are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Paragraph 4 (DURATION).

IT IS SO ORDERED.

Date: ___May 10, 2013___

_____

Hon. Michael R. Wilner

United States Magistrate Judge

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SHFL ENTERTAINMENT, INC., a Minnesota corporation, )<br>)<br>)<br>          Plaintiff, )<br>)<br>     vs. )<br>)<br>AVALINX, INC., an Ohio corporation, )<br>)<br>          Defendant. )<br>)<br>_____ )<br>) | Case No. 12-CV-7473 DSF (MRWx)<br><br>**EXHIBIT A: PROTECTIVE ORDER ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND** |

         I, _____ [print or type full name], of _____
[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on [mm/dd/yyyy] in the case of SHFL ENTERTAINMENT, INC. v. AVALINX, INC. 12-CV-7473 DSF (MRWx).

         I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

         I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

PROTECTIVE ORDER ACKNOWLEDGMENT

795305.2

I hereby appoint _____ [print or type full name] of

_____

[print or type full address and telephone number] as my California agent for service

of process in connection with this action or any proceedings related to enforcement

of this Protective Order.


Date: _____

City and State where sworn and signed: _____


Printed name:          _____

Signature:              _____

PROTECTIVE ORDER ACKNOWLEDGMENT

795305.2