1  David M. Kleiman (State Bar No. 194955)
   Email: davidkleiman@lapatents.com
2  21900 Burbank Blvd, Third Floor
   Woodland Hills, CA 91367
3  Telephone: (818) 884-0949
   Facsimile:  (818) 332-4373
4
5  Counsel for
   AVALINX, INC.
6
7
8
9           UNITED STATES DISTRICT COURT
10          CENTRAL DISTRICT OF CALIFORNIA
11               WESTERN DIVISION

12 | SHFL ENTERTAINMENT INC., a       ) | Case No. 12-CV-7473 DSF (MRWx)
   | Minnesota Corporation            )
13 |                                  ) | DEFENDANT AVALINX INC.'S
   |         Plaintiff,               ) | RULE 68 OFFER OF JUDGMENT.
14 |                                  )
   |     vs.                          )
15 |                                  )
   | AVALINX INC., an Ohio corporation,)
16 |                                  )
   |         Defendant.               )
17 |                                  )

Pursuant to Federal Rule of Civil Procedure 68, Avalinx Inc. ("Defendant") shall pay to SHFL Entertainment Inc. ("Plaintiff") the total sum of Sixty-Thousand Dollars ($60,000) within fifteen (15) days of entry of this offer of judgment. The payment totaling Sixty Thousand Dollars ($60,000) is the total amount that Plaintiff shall receive from Defendant in connection with the subject matter of this action, with each party to bear its own costs and attorney fees.

The Patents-In-Suit

The U.S patents 7,387,300; 6,237,916; 6,345,823; 6,698,759; 7,628,689; 6,454,266; 5,417,430; and 5,437,462 that have been asserted by Plaintiff in this action, as shown in Exhibits 1-8 of the first amended complaint, against Defendant are hereinafter referred to as the "Patents-In-Suit".

Defendant Avalinx Inc. is enjoined from manufacturing, importing, offering for sale, or selling in the United States the accused Avalinx app products identified in this action as "Let' Em Ride Pro", "3 Card Pro Poker", and "4 Card Pro Poker", (hereinafter the "Accused Apps") without the consent of the owner(s) or exclusive licensee(s) of the Patents-In-Suit until the Patents-In-Suit have expired, or had their claims cancelled, disclaimed, or finally ruled invalid or unenforceable by a court or tribunal of competent jurisdiction with all appeals exhausted.

The Trademarks-In-Suit

The marks registered with the U.S. Patent & Trademark Office and that have been asserted in this action by Plaintiff are (1) "LET IT RIDE" (Registration Nos. 1,840,102; 2,183,895; 2,605,107; 2,178,254) (2) "LET IT RIDE BONUS" (Registration Nos. 2,178,413) (3) "LET IT RIDE DESIGN" (Registration Nos. 2,182,290), (4) "LET IT RIDE BONUS DESIGN" (Registration Nos. 3,630,813; 2,558,783), (5) "LET IT RIDE TOURNAMENT DESIGN" (Registration No.

2,100,875), (6) "THREE CARD POKER DESIGN" (Registration Nos. 2,397,403; 2,233,569), (7) "THREE DIAMOND CARD DESIGN" (Registration Nos. 2,395,326; 2,036,848), (8) "PAIR PLUS" (Registration Nos. 4,234,994; 4,234,993); (9) "FOUR CARD POKER DESIGN" (Registration Nos. 2,936,113; 3,837,079), (10) "ACES UP" (Registration No. 3,372,889), and (11) "ACES UP DESIGN" (Registration No. 3,375,940), as shown in Exhibits 9-27 of the first amended complaint, are hereinafter referred to as the "Trademarks-In-Suit".

Defendant Avalinx Inc. is enjoined within the United States from using any Trademark-In-Suit on or in connection with any Avalinx app product without the consent of the owner(s) or exclusive licensee(s) of the Trademark-In-Suit until the registration for the Trademark-In-Suit expires, is cancelled, or declared invalid or unenforceable by a court or tribunal of competent jurisdiction with all appeals exhausted.

The Copyrighted Works In Suit

The works registered with the U.S. Copyright Office that have been asserted in this action by Plaintiff are (1) Reg. No. VA1754553 ("LET IT RIDE Logo Artwork"); and (2) Reg. No. VA1680816 ("Three Card Poker"), as shown in Exhibits 28 and 29 to the first amended complaint, and are hereinafter referred to as the "Copyrighted Works In Suit".

Defendant Avalinx Inc. is enjoined within the United States from reproducing, preparing derivative works based upon, distributing copies of, or publicly displaying any Copyrighted Work In Suit, without the consent of the owner(s) or exclusive licensee(s) of the Copyrighted Work In Suit, until the Copyrighted Work In Suit expires, is cancelled, or declared invalid or unenforceable by a court or tribunal of competent jurisdiction with all appeals exhausted.

With respect to the Copyrighted Works In Suit, nothing herein shall be construed as precluding Defendant Avalinx Inc. from using any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in a Copyrighted Work In Suit, or from making a fair use of a Copyrighted Work In Suit in accordance with 17 U.S.C. §107.

Nothing herein shall be construed as precluding Defendant's right or ability to litigate any claim or issue in any future action involving products that are different from the Accused Apps at issue in this action.

Date: June 20, 2013

_____.

David M. Kleiman
Counsel For Avalinx Inc.