1  ADRIAN M. PRUETZ - State Bar No. 118215
   apruetz@glaserweil.com
2  ERICA J. VAN LOON - State Bar No. 227712
   evanloon@glaserweil.com
3  JESSICA A. WOOD - State Bar No. 269562
   jwood@glaserweil.com
4  GLASER WEIL FINK JACOBS
      HOWARD AVCHEN & SHAPIRO LLP          JS 6
5  10250 Constellation Boulevard, 19th Floor
   Los Angeles, California 90067
6  Telephone:  (310) 553-3000
   Facsimile:  (310) 556-2920
7
   Attorneys for Plaintiff
8  *SHFL entertainment, Inc.*

9            UNITED STATES DISTRICT COURT

10           CENTRAL DISTRICT OF CALIFORNIA

11                WESTERN DIVISION

12  SHFL ENTERTAINMENT, INC., a            CASE NO.: 2:12-cv-07473 DSF
    Minnesota corporation,                 (MRWx)
13
                        Plaintiff,         Hon. Dale S. Fischer
14
    v.                                     **JUDGMENT AND PERMANENT
15                                         INJUNCTION**
    AVALINX, INC., an Ohio corporation,
16
                        Defendant.
17

18

19

20

21

22

23

24

25

26

27

28

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

[PROPOSED] JUDGMENT AND PERMANENT INJUNCTION

813615

Having considered the First Amended Complaint on file in this action, Defendant Avalinx, Inc.'s ("Avalinx") Offer of Judgment and Plaintiff SHFL entertainment, Inc.'s ("SHFL") acceptance of the Offer of Judgment, it is hereby ORDERED, ADJUDGED, and DECREED that:

1.     This Court has jurisdiction over the subject matter of this action and personal jurisdiction over each of the Defendants.

2.     Plaintiff shall take judgment against Avalinx in the amount of Sixty-Thousand Dollars ($60,000).  Avalinx shall pay to SHFL the total sum of Sixty-Thousand Dollars ($60,000) within fifteen (15) days of entry of this Judgment.  The payment totaling Sixty Thousand Dollars ($60,000) is the total amount that Plaintiff shall receive from Defendant in connection with the subject matter of this action, with each party to bear its own costs and attorney fees.

3.     The Patents-In-Suit.  The U.S. patents 7,387,300; 6,237,916; 6,345,823; 6,698,759; 7,628,689; 6,454,266; 5,417,430; and 5,437,462 that have been asserted by Plaintiff in this action, as shown in Exhibits 1-8 of the first amended complaint, against Defendant are hereinafter referred to as the "Patents-In-Suit".  Defendant Avalinx Inc. is enjoined from manufacturing, importing, offering for sale, or selling in the United States the accused Avalinx app products identified in this action as "Let' Em Ride Pro", "3 Card Pro Poker", and "4 Card Pro Poker", (hereinafter the "Accused Apps") without the consent of the owners) or exclusive licensees) of the Patents-In-Suit until the Patents-In-Suit have expired, or had their claims cancelled, disclaimed, or finally ruled invalid or unenforceable by a court or tribunal of competent jurisdiction with all appeals exhausted.

4.     The Trademarks-In-Suit. The marks registered with the U.S. Patent &Trademark Office and that have been asserted in this action by Plaintiff are (1) "LET IT RIDE" (Registration Nos. 1,840,102; 2,183,895; 2,605,107; 2,178,254) (2) "LET IT RIDE BONUS" (Registration Nos. 2,178,413) (3) "LET IT RIDE DESIGN" (Registration Nos. 2,182,290), (4) "LET IT RIDE BONUS DESIGN" (Registration

[PROPOSED] JUDGMENT AND PERMANENT INJUNCTION

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

Nos. 3,630,813; 2,558,783), (5) "LET IT RIDE TOURNAMENT DESIGN" (Registration No. 2,100,875), (6) "THREE CARD POKER DESIGN" (Registration Nos. 2,397,403; 2,233,569), (7) "THREE DIAMOND CARD DESIGN" (Registration Nos. 2,395,326; 2,036,848), (8) "PAIR PLUS" (Registration Nos. 4,234,994; 4,234,993); (9) "FOUR CARD POKER DESIGN" (Registration Nos. 2,936,113; 3,837,079), (10) "ACES UP" (Registration No. 3,372,889), and (11) "ACES UP DESIGN" (Registration No. 3,375,940), as shown in Exhibits 9-27 of the first amended complaint, are hereinafter referred to as the "Trademarks-In-Suit". Defendant Avalinx Inc. is enjoined within the United States from using any Trademark-In-Suit on or in connection with any Avalinx app product without the consent of the owners) or exclusive licensees) of the Trademark-In-Suit until the registration for the Trademark-In-Suit expires, is cancelled, or declared invalid or unenforceable by a court or tribunal of competent jurisdiction with all appeals exhausted.

5.     The Copyrighted Works In Suit.  The works registered with the U.S. Copyright Office that have been asserted in this action by Plaintiff are (1) Reg. No. VA1754553 ("LET IT RIDE Logo Artwork"); and (2) Reg. No. VA1680816 ("Three Card Poker"), as shown in Exhibits 28 and 29 to the first amended complaint, and are hereinafter referred to as the "Copyrighted Works In Suit".  Defendant Avalinx Inc. is enjoined within the United States from reproducing, preparing derivative works based upon, distributing copies of, or publicly displaying any Copyrighted Work In Suit, without the consent of the owners) or exclusive licensees) of the Copyrighted Work In Suit, until the Copyrighted Work In Suit expires, is cancelled, or declared invalid or unenforceable by a court or tribunal of competent jurisdiction with all appeals exhausted.

With respect to the Copyrighted Works In Suit, nothing herein shall be construed as precluding Defendant Avalinx Inc. from using any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of

Glaser Weil Fink Jacobs Howard Avchen & Shapiro LLP

813615

the form in which it is described, explained, illustrated, or embodied in a Copyrighted Work In Suit, or from making a fair use of a Copyrighted Work In Suit in accordance with 17 U.S.C. §107.

6.      Nothing herein shall be construed as precluding Defendant's right or ability to litigate any claim or issue in any future action involving products that are different from the Accused Apps at issue in this action.

7.      The Court retains jurisdiction to enforce the Judgment and Permanent Injunction.

8.      The Court expressly determines that there is no just reason for delay in entering this Judgment and Permanent Injunction pursuant to Federal Rule of Civil Procedure 54(a), and the Court enters this Judgment and Permanent Injunction against Avalinx.

**IT IS SO ORDERED, ADJUDGED AND DECREED.**

DATED: _____      By:_____
           7/11/13                          Hon. Dale S. Fischer
                                            United States District Judge

[PROPOSED] JUDGMENT AND PERMANENT INJUNCTION

813615